# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1835

_____

Donald A. Barnum; Evonne M.
Barnum,

            Plaintiffs-Appellants,

    v.

Wal-Mart Stores, Inc.,

            Defendant-Appellee.

Appeal from the United States
District Court for the
District of Minnesota.

_____

Submitted:  October 20, 1999

Filed:  November 15, 1999

_____

Before WOLLMAN, Chief Judge, LAY, and LOKEN, Circuit Judges.

_____

LAY, Circuit Judge.

Donald Barnum (Barnum) and his wife, Evonne M. Barnum, sued Wal-Mart Stores, Inc. (Wal-Mart) for negligence after Barnum slipped and fell on a patch of ice in Wal-Mart's parking lot.  Barnum had legally parked in a handicapped parking space, and he fell while exiting his car.  During trial, Barnum proposed a jury instruction regarding Minnesota Statute § 169.346, a traffic regulation statute containing stopping and parking provisions.  Subdivision (2)(a) of § 169.346 describes the requirements for

the creation and reservation of parking spaces for disabled individuals.[1]  Subdivision (2)(b) states the following:

> The owner or manager of the property on which the designated parking space is located shall ensure that the space is kept free of obstruction.  If the owner or manager allows the space to be blocked by snow, merchandise, or similar obstructions for 24 hours after receiving a warning from a peace officer, the owner or manager is guilty of a misdemeanor and subject to a fine of up to $500.

MINN. STAT. § 169.346(2)(b) (1998).  Barnum's proffered instruction contained the first two sentences of Subdivision (2)(a)[2] and only the first sentence in Subdivision (2)(b).  Barnum argues that he reads the first sentence as setting the applicable standard of care, while the second sentence simply provides the possible criminal repercussions.

The district court[3] rejected the proposed instruction as being inapplicable to the facts of the case.  The jury found for Wal-Mart in a special verdict, and the court thereafter ordered judgment in accordance with the verdict.  Barnum appeals the

---

[1]Subdivision (2)(a) states in relevant part:

> Parking spaces reserved for physically disabled persons must be designated and identified by the posting of signs incorporating the international symbol of access in white on blue and indicating that violators are subject to a fine of up to $200.  These parking spaces are reserved for disabled persons with vehicles displaying the required certificate, license plates, temporary permit valid for 30 days, or insignia.

MINN. STAT. § 169.346(2)(a) (1998).

[2]Footnote one of this opinion provides the first two sentences of Subdivision (2)(a).

[3]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, presiding.

court's refusal to charge the jury under the statutory language of § 169.346, subds. 2(a) and (b).

"In reviewing the district court's instructions, we consider whether the charges, taken as a whole and viewed in light of the evidence and the applicable law, fairly and adequately submitted the issues in the case to the jury." Gray v. Bicknell, 86 F.3d 1472, 1485 (8th Cir. 1996). Only if the missing instruction culminated in prejudicial error will we reverse the lower court. Gray, 86 F.3d at 1485. Barnum's proposed instruction disregards the remainder of Subdivision (2)(b), which provides for criminal prosecution only when a peace officer has requested that the landowner remove the obstruction and the landowner fails to do so within twenty-four hours. Without the requisite warning and failure to act, the statute is not breached. Likewise, it is implicit in Minnesota Jury Instruction Guide 302 that a prima facie case of negligence exists only upon breach of the traffic statute. MINNESOTA JURY INSTRUCTION GUIDE 302 (3d ed. Supp. 1997) (Minnesota District Judges Ass'n Comm. on Jury Instruction Guides). The law does not treat the landowner as an insurer without consideration of fault. Since the statute was not violated in this instance, the selected language in § 169.346 could not fairly and adequately present the issue of negligence to the jury. Moreover, the court's instructions sufficiently presented the elements of negligence and the duties of a landowner to permissive entrants.[4]

---

[4]The court defined the terms "negligence" and "reasonable care" for the jury and explained that negligence does not automatically follow from the fact that an injury has occurred. (Trial Tr. 343.) The court further explained that Wal-Mart, as a landowner, has a duty of reasonable care in the inspection and repair of its premises, as well as a duty to protect entrants from an unreasonable risk of harm due to the premises' condition. Id. It also listed the following factors in determining whether Wal-Mart exercised reasonable care:

> (1) the purpose for which Mr. Barnum entered the premises; (2) the circumstances under which he entered the premises; (3) the use to which the premises are put; (4) the foreseeability or possibility of harm; (5) the

Even if the selected language was intended to create the standard of care without regard to the rest of the statute, we agree with the district court that the characterization of ice as an "obstruction" for purposes of the statute is tenuous, at best. Subdivision (2)(b) specifically bars <u>blockage</u> of the disabled parking space by "snow, merchandise, or similar obstructions . . . ." While it is true that ice and snow are "similar" in the sense of composition, we find it difficult to say that the patch of ice in Wal-Mart's parking lot <u>blocked</u> Barnum's access to the parking space in the same manner as would a mound of snow. We think it clear from the plain meaning of the statute that, in passing § 169.346, the legislature sought to ensure that disabled parking spaces would be kept free and clear from obstruction so that disabled persons would have access to them. Barnum may have needed to use extra care in using the space, but he still had access to the space.

We agree with the district court that § 169.346 is inapplicable to the facts of this case, especially given Wal-Mart's lack of notice. It is undisputed that Wal-Mart was without actual notice of the ice patch, and we are unpersuaded by Barnum's theory of constructive notice. The trial court heard testimony that the days preceding Barnum's fall were warm, and there was no snow on the ground. (Trial Tr. at 103.) Furthermore, Lance Hoffman, Wal-Mart manager at the time of Barnum's fall, stated in his deposition that after Barnum's accident, the parking lot was inspected and found to be "99 percent free of ice," (Hoffman Depo. at 40), with only one other patch in the 300,000 square foot parking lot, (<u>Id.</u>; Trial Tr. at 288).

---

reasonableness of the inspection or repair; and (6) the opportunity or ease of repair.

(Trial Tr. 343-44.)

Because we find that Barnum's proffered instruction was not relevant and did not constitute a proper construction of the law of negligence, we need not address the prejudicial error issue. We therefore affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.